## No. 128

### COHARE REALTY CO. v. STILSON

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 4, 1926

703. LANDLORD & TENANT — Where covenants in lease contain clause that 30 days' written notice to be given by lessor or lessee before vacation of lease, notice of one day is not substantial compliance and lessee is held liable for rent.

First Publication of this Opinion

SULLIVAN, J.

This cause comes into this court on proceedings in error from the Cleveland Municipal Court. Upon an agreed statement of facts the court below found for Ethel M. Stilson. The facts are that Stilson rented an apartment from the Cohare Realty Co. under a year's lease a clause of which read: "This lease will renew itself from year to year unless either party notifies the other with 30 days written notice before its expiration."

Stilson entered into possession and vacated same at expiration of a years lease. The only notice given was a letter written to the Realty Company less than thirty days before Stilson vacated the premises. The Company endeavored to recover for two months rent, the length of time for which the apartment remained unoccupied. Upon these facts the Court of Appeals held:

1. The very language of the lease makes the period of time, to wit 30 days, one of the essential elements of the contract, and it cannot be said that the contract had been substantially complied with because more than ⅓ of the time had elapsed before notice was given.

2. This was in violation of the provision of the contract assented to by Stilson and made as much for her benefit and protection as for the benefit and protection of the Company.

3. The rule that provisions in a lease relating to renewals are construed most strongly against the landlord does not apply in this case for this rule applys only to cases where there is uncertainty or ambiguity.

Judgment reversed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—White, Cannon & Spieth for Company; Charles Reed for Stilson; all of Cleveland.

---

## No. 129

### NETZEL v. TODD

Ohio Appeals, 6th Dist., Lucas Co.

No. 1744. Decided Dec. 27, 1926

920. PHYSICIAN AND PATIENT—Action for malpractice not barred until one year after contract relationship between surgeon and patient has terminated.

211. CAUSE OF ACTION—It does not constitute cause of action for physician to make false representations that he has removed one of the patients' kidneys, where physician is not guilty of any act of malpractice in failing to remove the kidney during an operation or in treatment of the patient.

First Publication of this Opinion

WILLIAMS, J.

Adolph Netzel brought an action against Dr. George M. Todd, in the Lucas Common Pleas. The petition contained two causes of action; the first was for alleged malpractice in failing to remove a diseased kidney; and the second cause of action pleaded fraud on part of the defendant in falsely representing to the plaintiff that the diseased kidney had been removed.

At the conclusion of plaintiff's evidence in the trial below, the court directed a verdict in favor of the defendant, from which judgment error proceedings were prosecuted. The Court of Appeals held:

1. The evidence did not disclose that there was any fraud committed which would give rise to a right of action independent of malpractice.

2. It does not constitute a cause of action for a physician to make false representations that he has removed one of the patient's kidneys where the physician is not guilty of any act of malpractice in failing to remove the kidney during an operation or in his treatment of the patient in connection therewith.

3. In regards as to whether the plaintiff's action for malpractice was barred by the statute of limitations, it is well settled in Ohio that an action for an act of malpractice committed during the continuance of the contract relation, will not be barred until the expiration of one year after the contract relatios has terminated. 99 OS. 361.

4. It seems that the relationship of patient and physician first started between the parties in 1916; that Todd operated upon the plaintiff and that from that time was treated intermittently by him; that plaintiff was told that when the pains became too severe, to send someone to see the physician and that someone was sent at various times and were given pills which th eplaintiff took until Aug. 8, 1923. On Aug. 9, 1923, plaintiff went to Cleveland, where he was operated on and the right kidney was removed. The action was brought by Netzel July 21, 1924.

5. It is certain, if plaintiff's testimony is to be believed, that the relation of surgeon and patient existed from the time defendant sent the pills in January 1923 until the last one was taken on Aug. 8, 1923.

6. There was no mutual understanding that the relation of surgeon and patient should cease and no notice was ever given by the surgeon to the patient that the relation was at an end. In fact while taking the pills under the last prescription, Netzel was acting under directions of the defendant.

7. There was some evidence tending to show that the relation of surgeon and patient existed as late as Aug 9, 1923, and the court erred in holding, as a matter of law, that the cause of action was barred by the statute of limitations.

Judgment therefore reversed.

(Culbert & Richards, JJ., concur.)

Attorneys—P. R. Taylor and George S. Myers for Netzel; Doyle & Lewis and H. M. Roberts for Todd; all of Toledo.