GLADYS BUSH v. PETER J. CRESS.[1]

November 22, 1929.

No. 27,553.

*Cashel & Brecht,* for appellant.
*Hansen & Engan,* for respondent.

DIBELL, J.

The question presented is whether the cause of action for malpractice alleged in the complaint is barred by the statute of limitations.

The applicable part of the statute, referring to the commencement of an action after its accrual, follows:

"The following actions shall be commenced within two years.

[1]Reported in 227 N. W. 432.

"For libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury, and all actions against physicians, surgeons, dentists, hospitals, sanitariums, for malpractice, error, mistake, or failure to cure, whether based on contract or tort." L. 1925, p. 102, c. 113, 2 Mason, 1927, § 9193.

The defendant is a physician. The plaintiff employed him to attend her in childbirth. She was delivered of a child on March 7, 1927. The defendant visited her again the next day. He did not see her afterwards until he was called on March 22, 1927. Pus had formed, and he removed a piece of gauze. It is alleged that he was negligent in failing to cleanse the parts and in failing to advise proper home treatment. On April 4, 1927, he was called again, examined the plaintiff, told her she would be all right in ten days, and gave her some aspirin tablets. The plaintiff was dissatisfied, employed other physicians, and the defendant did not treat her after April 4, 1927. This action was commenced on April 3, 1929.

The determination of when the cause of action for malpractice accrues and when it is barred is often difficult. At times the real negligence occurs long before the treatment ends. Here the employment contemplated a continuous service. The complaint seems to allege the principal act of negligence on March 22; but aside from that want of care is alleged on April 4, 1927, when it is claimed that the defendant negligently failed to diagnose the plaintiff's condition and prescribe proper treatment.

In Schmitt v. Esser, 178 Minn. 82, 86, 226 N. W. 196, 197, involving malpractice in the treatment of a fracture, we said that "the treatment and employment should be considered as a whole, and if there occurred therein malpractice the statute of limitations begins to run when the treatment ceases." The case for the plaintiff here is quite as strong. She employed the defendant for the delivery of her child and the necessary attention following. Under the allegations of the complaint she needed his care when he last visited her on April 4, 1927; and there was a negligent failure to diagnose and treat on the last visit.

The cases are reviewed at length in the Schmitt case.

Order affirmed.