Florence F. SEITZ, Plaintiff In Error,

v.

J. E. JONES and R. L. Detjen,
Defendants In Error.

No. 38631.

Supreme Court of Oklahoma.

Dec. 5, 1961.

Rehearing Denied April 3, 1962.

Hunt & Lock, by Richard W. Lock, Jay, for plaintiff in error.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for defendants in error.

WELCH, Justice.

The order of the trial court shows that demurrer was sustained because the petition showed on its face that the alleged cause of action stated did not accrue to the plaintiff within two years next before the commencement of the suit, and was therefore barred by the statute of limitations as provided in Title 12 O.S.A. § 95, subd. 3.

This action is based upon malpractice which allegedly occurred on January 13, 1952. The action was first commenced in the district court of Tulsa County, Oklahoma, on July 1, 1955, and was dismissed for lack of jurisdiction on March 22, 1957, and refiled in Mayes County on March 21, 1958.

It is agreed that the second action was timely filed within one year from dismissal of the first action. However, it is obvious that the first action was not commenced within two years from the accrual thereof, and is barred by statute of limitations unless said statute was tolled. Plaintiff contends that the statute was tolled here by reason of the concealment disclosed by allegation of plaintiff's petition.

The petition does not use the term fraudulent concealment in its allegations, however, it does allege fact which, if true, could constitute complete concealment.

It alleges that the plaintiff was a patient of the defendants at all times mentioned, and complained to them of pain in the lower abdominal region of her body after the caesarean operation performed by defendants on January 13, 1952, and that they gave her no relief or explanation for her pain, until September, 1953, when she was then informed by defendant R. L. Detjen that an x-ray taken by defendants in June, 1953, revealed that they had left in her body in or about the womb a hypodermic needle when they operated on her on January 13, 1952.

The allegations in the petition reveal that when plaintiff complained of her pain the defendants apparently remained silent when they could have and should have made investigation as to what was causing the pain. By such silence the plaintiff, having confidence in defendants' professional ability, could have well assumed pain to be a normal result from her operation.

In the case of Morrison v. Acton, 68 Ariz. 27, 198 P.2d 590, the court held:

"A dentist who in removing an impacted tooth of patient left part of the instrument in patient's jaw bone was guilty of constructive fraud tolling limitations on patient's cause of action for malpractice, where dentist knew or was chargeable with knowledge of breaking of his instrument and assured patient that there was nothing about his jaw that should cause further trouble."

In the case of Rosane v. Senger, et al., 112 Colo. 363, 149 P.2d 372, 373, the court held:

"Where patient, though diligent in attempting to discover cause of her constant pain, did not discover until more than ten years after performance of abdominal operation that doctors had left a gauze pad in incision, patient's action against doctors brought within two years from date of such discovery was not barred by two-year statute of limitations. '35 C.S.A. c. 102, § 7."

Also see Bowman v. McPheeters, et al., 77 Cal.App.2d 795, 176 P.2d 745.

Many of our courts follow the rule that where defendant physician, employed to attend a patient, continues treatment of patient after alleged wrongful act occurred, the statute does not commence to run until treatment ceases. Bush v. Cress, 178 Minn. 482, 227 N.W. 432; Schanil v. Branton, 181 Minn. 381, 232 N.W. 708; Gillette v. Tucker, 67 Ohio St. 106, 65 N.E. 865, 93 Am.St.Rep. 639; Bowers v. Santee, 99 Ohio St. 361, 124 N.E. 238; Netzel v. Todd, 24 Ohio App. 219, 157 N.E. 405.

See also notes 74 A.L.R. pages 1323 and 1324.

Various courts have held that the limitation period does not begin to run against a malpractice action on facts similar to those here involved until the patient learns, or in the exercise of reasonable care and diligence, should have learned of the presence of such foreign substance in his body. Huysman v. Kirsch, 6 Cal.2d 302, 57 P.2d 908; Ehlen v. Burrows, 51 Cal.App.2d 141, 124 P.2d 82; Pellett v. Sonotone Corp., 55 Cal.App.2d 158, 130 P.2d 181, and Perrin

v. Rodriguez, (La.App.) 153 So. 555. See also notes at 144 A.L.R. 215.

In resolving the question of the correctness of the court's order, the legislative policy in prescribing a period of limitations for the commencement of actions may well be borne in mind. The statute of limitations is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation is presumed to have been paid, and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof. The underlying purpose of statutes of limitations is to prevent the unexpected effort at enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution for a long time.

We are of the opinion that the allegations in the petition clearly show that the plaintiff was prevented from knowing of the negligence of the defendants until September, 1953. This was not because of any negligence on her part. She has shown utmost confidence in the defendants, although they failed to relieve her of the pain complained of, she secured their services for a second operation. Although the petition does not say in words that fraudulent concealment by defendants prevented her knowledge, it states facts sufficient to infer that the fact was concealed by silence on the part of the defendant, though they knew or should have known of her condition and their negligence. Whether intentionally concealed or not, the concealment would work to their benefit and they owed a duty to investigate cause of pain and had they done so the needle would have been discovered in the body of the plaintiff. It was defendants' own wrong doings that prevented the plaintiff from knowing of her condition caused by their negligence, therefore they should not be permitted to take advantage of their own wrong by setting up the statute as a defense.

So far as we have been able to ascertain we have not had occasion to pass upon this question heretofore. Therefore it has been necessary for us to turn to authorities from other jurisdictions. Due to the fact that the diagnosis of a physical pain requires a special knowledge not possessed by the ordinary layman, we are of the opinion that justice would often be defeated should this court adhere to the hard and fast rule of determining the limitation of such actions to begin at the date of the wrongful act complained of. Therefore we prefer to follow the more liberal view as expressed by the California courts, which is, that where a foreign substance is negligently left in a patient's body by a physician, surgeon or dentist and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the limitation period does not begin to run on said action until the patient learns of or, in the exercise of reasonable care and diligence, should have learned of the presence of such foreign substance in his body.

We have consistently held a demurrer admits the truth of all facts well pleaded, together with all inferences which may be reasonably drawn therefrom, and the petition should be liberally construed in favor of the plaintiff. Crews v. Garber, 188 Okl. 570, 111 P.2d 1080; Raley v. Thompson, 203 Okl. 633, 225 P.2d 171, and Nutt v. Carson, Okl., 340 P.2d 260.

For the reasons hereinabove stated, we are of the opinion and so hold, that the allegations in the petition are sufficient to show a concealment of the negligence and cause of action, so as to toll the statutes and that said statutes would not commence to run until plaintiff had knowledge of her cause of action, which according to petition, was in September, 1953, and since it was first filed July 1, 1955, it was timely, and within two years from date of discovery.

Therefore the order of the trial court is reversed and cause remanded with direc-

tions to proceed with the trial of said cause upon the issues presented.

Reversed and remanded.

BLACKBIRD, V. C. J., and JOHNSON, JACKSON and BERRY, JJ., concur.

WILLIAMS, C. J., and DAVISON, J., concur in result.

HALLEY and IRWIN, JJ., dissent.