OSCN Found Document:SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES
2023 OK 42
528 P.3d 772
Case Number: 120197
Decided: 04/18/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 42, 528 P.3d 772

 
 

SCHLUMBERGER TECHNOLOGY CORP. and TRAVELERS INDEMNITY CO. OF AMERICA, Petitioners,
v.
ERASMO PAREDES and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ON PETITION FOR REVIEW OF AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

¶0 Petitioners Schlumberger Technology Corp. and Travelers Indemnity Co. of America seek review of an order of the Workers' Compensation Commission finding Respondent Erasmo Paredes's claim was timely filed and not barred by the statute of limitations. Paredes filed the claim less than one year from the date of the injury but more than six months after the date of the last payment of benefits. The Workers' Compensation Commission determined that Paredes was not barred from filing his claim. We affirm.

ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

Loretta A. Jones, Ayik & Associates, Oklahoma City, Oklahoma, for Petitioners Schlumberger Technology Corp. and Travelers Indemnity Co. of America.

Bob Burke, Joey Chiaf, Oklahoma City, Oklahoma, for Respondent Erasmo Paredes.

 

Gurich, J.:

Facts & Procedural History

¶1 Erasmo Paredes sustained an on-the-job injury on December 29, 2019. He continued working for his employer, Schlumberger, until January 30, 2020. His employer's insurance carrier, Travelers Indemnity Company of America, provided voluntary medical treatment to Paredes from January 3, 2020, through February 14, 2020. Paredes's CC-Form 3 Claim for Compensation was filed on December 3, 2020, alleging an injury date of December 29, 2019. This claim was filed ten months after Paredes's last medical treatment, but within one year from the date of his injury. Travelers's counsel entered an appearance in the Workers' Compensation case on December 22, 2020. On February 18, 2021, the affidavit of Travelers's claims handler was filed with attachments indicating Travelers provided medical treatment to Paredes in the total amount of $1,371.47. No disability benefits were paid. On the same date, counsel for Travelers filed the CC-Form 10 Answer and Notice of Contested Issues on behalf of Schlumberger raising the defense of statute of limitations pursuant to Section 69(A)(1) of Title 85A.[1] Schlumberger also denied compensable injuries, alleged pre-existing conditions pursuant to 85A O.S. Supp. 2019, § 2(9)(b)(6), and denied benefits.

¶2 A hearing solely on the issue of the statute of limitations defense was held before an administrative law judge on April 29, 2021. Prior to the hearing, both parties submitted trial briefs. The ALJ issued an order that was filed on May 13, 2021, concluding that Paredes's claim was not barred by Section 69(A)(1). In the order, the ALJ stated: "It is the Commission's finding that in this case, the word 'or' is used to express alternative statutes of limitations, with claimant receiving the benefit of whichever of those is longer."[2] Schlumberger appealed to the Workers' Compensation Commission ("Commission"), and the parties filed written arguments. Oral argument before the Commission was held on January 14, 2022. The Commission, sitting en banc, affirmed the Decision of the ALJ by order filed January 18, 2022.[3] Schlumberger has appealed to this Court seeking review of the Commission's interpretation of 85A O.S. Supp. 2019, § 69(A)(1).

Standard of Review

¶3 Title 85, Section 78(C) states:

The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2019, § 78(C). The issue presented in this case is an issue of statutory interpretation. Statutory interpretation presents a question of law which we review de novo. Maxwell v. Sprint PCS, 2016 OK 41, ¶ 4, 369 P.3d 1079, 1083. Such review is plenary, independent, and non-deferential. Id.

Analysis

¶4 The duties and obligations of employees and employers are set forth in the Administrative Workers' Compensation Act ("AWCA"). Title 85A, Section 3(A) provides:

Every employer and every employee, unless otherwise specifically provided in this act, shall be subject and bound to the provisions of the Administrative Workers' Compensation Act and every employer shall pay or provide benefits according to the provisions of this act for the accidental injury or death of an employee arising out of and in the course of his or her employment, without regard to fault for such injury, if the employee's contract of employment was made or if the injury occurred within this state. . . . [T]he employee's right to bring a claim under this act shall be subject to the limitations period for bringing a claim pursuant to paragraph 1 of subsection A of Section 69 of this title.

85A O.S. Supp. 2019, § 3(A). The AWCA also dictates when a claim for workers' compensation benefits must be filed. Title 85A, Section 69 states:

A. Time for Filing.

1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this title.
2. a. A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the Commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection.
b. A claim for compensation for disability on account of silicosis or asbestosis shall be filed with the Commission within one (1) year after the time of disablement, and the disablement shall occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis.
c. A claim for compensation for disability on account of a disease condition caused by exposure to X-rays, radioactive substances, or ionizing radiation only shall be filed with the Commission within two (2) years from the date the condition is made known to an employee following examination and diagnosis by a medical doctor.
3. A claim for compensation on account of death shall be barred unless filed with the Commission within two (2) years of the date of such a death.
4. If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not:
a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or
b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,
then on motion by the employer, the claim shall be dismissed with prejudice.

B. Failure to File. Failure to file a claim within the period prescribed in subsection A of this section shall not be a bar to the right to benefits hereunder unless objection to the failure is made at the first hearing on the claim in which all parties in interest have been given a reasonable notice and opportunity to be heard by the Commission.

C. Persons under Disability.
1. Notwithstanding any statute of limitation provided for in this act, when it is established that failure to file a claim by an injured employee or his or her dependents was induced by fraud, the claim may be filed within one (1) year from the time of the discovery of the fraud.
2. Subsection A of this section shall not apply to a mental incompetent or minor so long as the person has no guardian or similar legal representative. The limitations prescribed in subsection A of this section shall apply to the mental incompetent or minor from the date of the appointment of a guardian or similar legal representative for that person, and when no guardian or similar representative has been appointed, to a minor on reaching the age of majority.

D. A latent injury or condition shall not delay or toll the limitation periods specified in this section. This subsection shall not apply to the limitation period for occupational diseases specified in paragraph 2 of subsection A of this section.

85A O.S. Supp. 2019, § 69.

¶5 Schlumberger asks the Court to construe Section 69(A)(1) to mean that claimant has either one year from the date of injury or six months from the date of the last issuance of benefits, whichever is lesser. Schlumberger admits it made benefit payments without admitting compensability of the claim, gave no notice to Paredes of the last date benefits were paid to a medical provider, and then argues Paredes is prevented from filing his claim within the one year provided in the statute. Paredes asks us to affirm the Commission's construction that a claimant must file within one year from the date of injury or six months from the date of the last issuance of benefits, whichever is greater, recognizing the lack of notice would create potential constitutional issues.

I. The Commission's interpretation of Section 69 is consistent with the Legislative intent.

a. Legislative history of Section 69.

¶6 To ascertain the legislative intent behind Section 69, we first look at the history of the section to determine if it has a prior statutory construction which may be applicable. If there is a prior construction, "[u]nless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them by preexisting case law." Maxwell v. Sprint PCS, 2016 OK 41, ¶ 6, 369 P.3d 1079, 1085.

¶7 Here, the Commission's interpretation of Section 69 is consistent with the statutory history. The use of a statute of limitations that could be extended by payment of benefits has been included in the workers' compensation statutes since at least 1941 and has survived several transitions of the workers' compensation system.[4] In 1941, Title 85, Section 43 stated:

The right to claim compensation under this Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation.

85 O.S.1941, § 43. In 1981, Title 85, Section 43 contained similar language and provided:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment.

85 O.S.1981, § 43. The text of this statute was amended in 1994 to extend the time to file a claim from one year to two years. In 1994, Section 43(A) provided:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. . . . The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

85 O.S. Supp. 1994, § 43. Substantially the same language is found in the 1997[5] and 2001[6] versions of Section 43. This language was not modified until 2011, when the whole of the existing Title 85 was repealed and re-codified as the Workers' Compensation Code and Section 43 was renumbered as Title 85, Section 318(A):

The right to claim compensation under the Workers' Compensation Code shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation.

¶8 When the AWCA was adopted and became effective on February 1, 2014, Title 85 was repealed[7] and replaced with Title 85A. Section 69 of Title 85A initially had two provisions that applied to injuries and reduced the statute of limitations to one year, as follows:

A. Time for Filing.
1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act.

. . . .
B. Time for Filing Additional Compensation.
1. In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.

85A O.S. Supp. 2013, § 69(A)(1), (B)(1). Paragraph A provided that an employee had one year from the date of the injury to file the claim. It also stated that if an employee received no weekly benefit or medical treatment during a one-year period following the filling of the claim, the claim was barred. Paragraph B provided that in cases where any disability or medical compensation had been paid (but prior to filing the claim), claims for additional compensation had to be made within one year from the date of the last payment of compensation or two years from the date of the injury.[8]

¶9 In 2019, the Legislature revised Section 69 and consolidated subsections A and B, which each contained a statute of limitation, into a single subsection (A).[9] During the legislative process, the words "whichever is greater" were stricken from the final version, and the statute was enacted without the phrase.[10] Schlumberger argues that the removal of the phrase created two distinctly different periods of limitation: one clearly defined limitation that runs one year from the date of injury and one based entirely on the actions of the employer, in this case, Schlumberger.[11]

¶10 Even though Section 69 did not contain the phrase "whichever is greater" prior to 2014, the specified statute of limitations could be extended by payment of benefits by the employer. The statute of limitations was never shortened based on payment of benefits by the employer.[12] During oral argument before the Commission, Commissioner Tilly succinctly framed the issue by posing the following questions:

Isn't it pretty standard statutory interpretation that where the legislature provides t[w]o statute of limitations, the filing party gets the benefit of the longer of the two statute of limitations? So I understand your argument that the legislature left out "whatever is greater" in the statute, but isn't there a presumption that the legislature is familiar with the rules of statutory interpretation and so even if they left out "whatever is greater" that would in some way be superfluous under the standard rules of statutory interpretation, and how do we get around that?[13]

The Commission's decision applied the statute as intended, which was to give the claimant the benefit of the longer period because of the employer's payment of benefits. Therefore the phrase "whichever is greater" is superfluous.

b. Statute of limitations.

¶11 "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by the statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶ 17, 415 P.3d 521, 528. We must look at the Act as a whole and consider relevant portions together to give full force and effect to each. Id. ¶ 18, 415 P.3d at 528.

¶12 In the case of Smith v. Johnston, 1978 OK 142, 591 P.2d 1260, the Oklahoma Supreme Court considered the purpose of statutes of limitations. They relied upon the case of Seitz v. Jones, 1961 OK 283, ¶ 11, 370 P.2d 300, 302 wherein the Court said:

* * * the legislative policy in prescribing a period of limitations for the commencement of actions may well be borne in mind. The statute of limitations is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation is presumed to have been paid, and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof. The underlying purpose of statutes of limitations is to prevent the unexpected effort at enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution for a long time.

(Emphasis added). The Commission's interpretation of this statute did not give Paredes an unlimited time to file his claim. Paredes filed his claim within one year of his date of injury. He did not "test" this section by filing his claim beyond the initial 12 months. Once filed, his claim must be pursued in a diligent manner. Indeed, Section 69(A)(4) ensures that workers' compensation claims will not become stale, because a filed claim will be dismissed if not actively pursued after 6 months.[14]

 

¶13 There is nothing in the record to indicate that Paredes was neglectful of his right. None of the evidentiary problems that can arise in a stale claim are at issue in this case. Paredes gave notice as required by statute and filed his claim within one year. Nothing is obscured by the passage of time between February 14, 2020, and December 3, 2020. Schlumberger's ability to defend this claim is not hampered.

¶14 Schlumberger's assertion of an absolute time bar--one shortened by the employer without notice to the employee--is further eroded by considering the language in Section 69(B) which provides:

Failure to File. Failure to file a claim within the period prescribed in subsection A of this section shall not be a bar to the right to benefits hereunder unless objection to the failure is made at the first hearing on the claim in which all parties in interest have been given a reasonable notice and opportunity to be heard by the Commission.

This provision indicates that the statute of limitations is not an absolute time bar. The burden is on the employer to take affirmative action, or arguably, even the one-year statute of limitations will be extended. This provision, which requires not only an objection but also a hearing, would be meaningless if the Commission did not have discretion to adjust the statute of limitations based on the circumstances presented.

II. The Commission's interpretation of Section 69 is constitutional.

¶15 This Court's precedent directs that "[w]here there are two possible interpretations in the construction of a statute, one of which would render the statute unconstitutional, the Court should adopt the construction which upholds the statute, unless the repugnancy to the constitution is shown beyond a reasonable doubt." Gilbert Cent. Corp. v. State, 1986 OK 6, ¶ 7, 716 P.2d 654, 658; Gibby v. Hobby Lobby Stores, Inc., 2017 OK 78, 404 P.3d 44 (Gurich, J., dissenting). Further, the Commission has the authority to determine the constitutionality of statutes in cases brought under the AWCA. 85A O.S. Supp. 2019, § 27;[15] Robinson v. Fairview Fellowship Home for Senior Citizens, Inc., 2016 OK 42, 371 P.3d 477. Because Section 69 of Title 85A can be interpreted in a way that avoids constitutional doubt, we are bound to accept the interpretation that upholds the provision.

¶16 When read in its entirety, Section 69 provides that persons seeking benefits must file their claim for benefits within one to three years, depending upon the type of underlying injury or illness. The shortest time frame to file is definite: within one year from the date of the injury. An employee whose claim is denied in its entirety has one full year to file the claim. Schlumberger's proposed interpretation shortens the one-year time frame to less than one year only in the case of an employee who receives a payment after an injury is reported to his employer. Schlumberger's construction would infringe on a claimant's right to due process because it would allow the employer and its insurance carrier to determine the statute of limitations for the employee, without notice. Article II, Section 7 of the Oklahoma Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." Although the Legislature may "alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law," the Legislature may not deprive such rights, once conferred, without appropriate procedural safeguards. Maxwell v. Sprint PCS, 2016 OK 41, ¶ 15, 369 P.3d 1079, 1089 (citing Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶ 30, 373 P.3d 1057, 1073) (emphasis added); see also Maxwell, ¶ 19, 369 P.3d at 1090 (At a minimum, "due process requires notice and a meaningful opportunity to appear and be heard." (citing Crownover v. Keel, 2015 OK 35, ¶ 14, 357 P.3d 470, 474)).

¶17 In order to comply with due process, the obligations of the AWCA on both employee and employer begin with notice requirements. To avoid prejudice to the employer in investigating a claim, an employee is required by statute to give notice within 30 days of suffering an on the job injury.[16] The employer is required by statute to give notice to the Commission within 10 days of receiving notice of injury.[17] However, the employer's report to the Commission remains confidential unless a copy is requested by the injured employee or a claim is filed.[18] If Schlumberger paid benefits, as in this case, there is nothing in the statutory law that gives an employee notice of when the claim is barred. The employee is deprived of the one year statute of limitations by the actions of his employer, without notice of the commencement of a shortened statute of limitations. Such deprivation is unconstitutional.

¶18 In this case, the affidavit of the claims handler for Travelers, filed on February 18, 2021, stated that the last benefit payment was paid on February 14, 2020. Paredes had no notice of the date when the statute of limitations began to run until more than one year after his injury. Commissioner Biggs astutely identified the due process concern during oral argument by stating:

Well, I mean, my argument is simple, the system works when people know when deadlines are, when the statute of limitations starts, they have 6 months. If they didn't have notice of when your company paid, how do they know when the clock starts? . . . Well the first part is one year. One year is one year, there's no if, ands or buts about it, I mean--.[19]

Barring Paredes's claim based solely on the actions of the employer and its insurance carrier without Paredes ever having notice of when the statute of limitations runs, clearly violates due process.[20]

 

Conclusion

 

¶19 The Commission applied the law as to not offend constitutional provisions and it is the duty of this Court to give preference to that interpretation. The Order of the Commission is hereby affirmed.

ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

ROWE, V.C.J., KAUGER, EDMONDSON, COMBS, GURICH, and DARBY, JJ., CONCUR.

KANE, C.J., (by separate writing), KUEHN, J., and DOWNING, S.J., DISSENT.

WINCHESTER, J., DISQUALIFIED.

FOOTNOTES

[1] Schlumberger was represented by its insurance carrier, Travelers. All filings in this case were made by counsel for Travelers who represented both Schlumberger and Travelers. For purposes of this opinion when "Schlumberger" is referenced going forward, it is referencing both Schlumberger and Travelers.

[2] R. at 23.

[3] R. at 55.

[4] The workers' compensation system has seen significant changes over the years. The first workers' compensation laws were enacted in 1915 and workers' compensation claims were under the jurisdiction of the State Industrial Commission until 1959. Oklahoma Workers' Compensation Court of Existing Claims, http://www.owcc.state.ok.us/History.htm#:~:text=The%20Oklahoma%20Legislature%20enacted%20the%20state%E2%80%99s%20first%20law,covered%20employment%20without%20the%20burden%20of%20proving%20negligence. (last visited Mar. 3, 2023). In 1959, the Legislature replaced the Commission with the State Industrial Court. Id. In 1978, the Legislature replaced the Industrial Court with the Workers' Compensation Court. Id. In 2014, the Legislature replaced the Workers' Compensation Court with the Workers' Compensation Commission, though it provided that any claims prior to 2014 should stay under the jurisdiction of the Workers' Compensation Code and its Court. See 85A O.S. Supp. 2019, § 3(A).

[5] 85 O.S. Supp. 1997, § 43(A) states:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.... The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

[6] 85 O.S.2001, § 43(A) states:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.... The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

[7] Three sections in title 85 appear to be unaffected by the repeal: §§ 380, 398 & 399. The Rules of the Workers' Compensation Court effective January 31, 2014 remain applicable to claims before February 1, 2014 and are found at Chapter 4, Appendix to Title 85.

[8] This statute was changed because it created confusion because of the use of the words "filing for additional compensation." These two paragraphs were combined into the shortened version, which became effective May 28, 2019. Ans. Br. of Resp't 11--12.

[9] Compare 85A O.S. Supp. 2014, § 69(A)--(B) with 85A O.S. Supp. 2019, § 69(A)(1) (which states: "A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this title.")

[10] HB 2367; Pet'r's Br. in Chief 5.

[11] Id. 4--5.

[12] Similarly, the language "compliance with reporting requirements by the employer did not toll the statute of limitations" was later removed, but it is doubtful that the change was intended to discourage the employer from complying with reporting requirements.

[13] Appeal Hr'g Tr. 9--10, Jan. 14, 2022.

[14] 85A O.S. Supp. 2019, § 69(4) states:

If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not: (a) make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6), or (b) receive or seek benefits, including medical treatment, under this title for a period of six (6) months, then on motion by the employer, the claim shall be dismissed with prejudice.

[15] 85A O.S. Supp. 2019, § 27(A) provides:

The Workers' Compensation Commission shall be vested with jurisdiction over all claims filed pursuant to the Administrative Workers' Compensation Act. All claims so filed shall be heard by the administrative law judge sitting without a jury. The Commission shall have full power and authority to determine all questions in relation to claims for compensation under the provisions of the Administrative Workers' Compensation Act. The Commission, upon application of either party, shall order a hearing. Upon a hearing, either party may present evidence and be represented by counsel. Except as provided in this act, the decision of the administrative law judge shall be final as to all questions of fact and law. The decision of the administrative law judge shall be issued within thirty (30) days following the submission of the case by the parties. The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified.

[16] See 85A O.S. Supp. 2014, § 68(A), which states: "Unless an employee gives oral or written notice to the employer within thirty (30) days of the date an injury occurs, the rebuttable presumption shall be that the injury was not work-related. Such presumption must be overcome by a preponderance of the evidence."

[17] 85A OS Supp. 2019, § 63(A) states:

Within ten (10) days after the date of receipt of notice or of knowledge of injury or death, the employer shall send to the Workers' Compensation Commission a report setting forth:

1. The name, address, and business of the employer;
2. The name, address, and occupation of the employee;
3. The cause and nature of the injury or death;
4. The year, month, day, approximately when, and the particular locality where, the injury or death occurred; and
5. Such other information as the Commission may require.

[18] There is no indication in the record that this report was ever given to Paredes.

[19] Appeal Hr'g Tr. 16, Jan. 14, 2022.

[20] Paredes asserts that Schlumberger's interpretation creates an impermissible, unequal, disparate treatment of a select group of injured workers and would render Section 69(A)(1) a special law in violation of the Oklahoma Constitution. As we have decided the issue on other grounds, we need not address this issue. See Fent v. Fallin, 2013 OK 107, ¶ 7 n.1, 315 P.3d 1023, 1025 (the Court found that because HB 2032 violated the single subject rule, the Court did not need to address Petitioner's remaining arguments).

 

 

KANE, C.J., with whom Kuehn, J. and Downing, S.J. join, dissenting:

¶1 The majority has disregarded the clear and unambiguous statutory language and substituted its own wisdom for that of the Legislature. The Legislature deleted the words "whichever is greater" from the statute. Yet, the majority concludes the Legislature intended that the statute of limitations is either one year from the date of the injury or six months from the date of the last issuance of benefits, "whichever is greater." For the following reasons, I respectfully dissent.

¶2 I must, first, clarify the standard of review. While the Workers' Compensation Commission has authority to interpret workers' compensation statutes, this Court does not give any deference to the Commission's interpretation. The Supreme Court may modify, reverse, remand for rehearing, or set aside the Commission's decision if it is affected by an error of law. See 85A O.S.Supp.2019, § 78(C)(4). Statutory interpretation presents a question of law, which appellate courts review de novo. See Legarde-Bober v. Okla. State Univ., 2016 OK 78, ¶ 5, 378 P.3d 562, 564. Such review is plenary, independent, and non-deferential. Id.

¶3 I disagree with how the majority frames the issue on appeal. The majority asserts: "Schlumberger asks the Court to construe Section 69(A)(1) to mean that claimant has either one year from the date of the injury or six months from the date of the last issuance of benefits, whichever is lesser." Majority Op. ¶ 5 (emphasis original). More accurately, the issue is whether the limitations period for an employee who has received benefits is six months from the date of the last issuance of such benefits, even if the resulting limitations period is less than one year from the date of the injury.[1] The answer is provided in the clear and unambiguous language of the statute, without any need to employ rules of statutory construction.[2] The relevant statutory language provides:

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits.

85A O.S.Supp.2019, § 69(A)(1) (emphasis added). The statutory language is not susceptible to more than one interpretation. If the employee has not received benefits for the injury, the statute of limitations is one year from the date of the injury. If the employee has received benefits for the injury, the statute of limitations is six months from the date of the last issuance of such benefits.[3] Period.

¶4 The majority's thorough recitation of the legislative history of the workers' compensation statute of limitations cuts directly against its own interpretation of 85A O.S.Supp.2019, § 69(A)(1). I agree with the majority that the Oklahoma Legislature has a long history of providing alternative statutes of limitations with the employee receiving the benefit of whichever is longer--but that changed in 2019. I am puzzled by the majority's acknowledgement that "[u]nless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them by preexisting case law," Majority Op. ¶ 6, but refusal to acknowledge the clear legislative intent to alter the law. Prior to 2019, every iteration of the statute of limitations included the language "[p]rovided however" or "whichever is greater," which had the effect of giving employees who had received benefits a longer limitations period.[4] The former statute of limitations provided:

In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.

85A O.S.Supp.2013, § 69(B)(1) (emphasis added). The plain language of the former statute was clear--the employee could take advantage of whichever limitations period was longer, and that was how this Court construed and applied the statute. See Green Country Physical Therapy L.P. v. Sylvester, 2018 OK CIV APP 64, 429 P.3d 354 (approved for publication by the Supreme Court) (holding a claim filed more than two years from the date of the injury but within one year of the last provision of medical treatment was timely).

¶5 If a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law. Special Indem. Fund v. Figgins, 1992 OK 59, ¶ 8, 831 P.2d 1379, 1382. In 2019, the Oklahoma Legislature amended § 69 by reducing both limitations periods and deleting the language "whichever is greater." See 2019 Okla. Sess. Laws, 1st Reg. Sess., ch. 476, § 27 (effective May 28, 2019). The statute of limitations now provides:

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits.

85A O.S.Supp.2019, § 69(A)(1) (emphasis added). The 2019 amendments did not retain "whichever is greater" or similar language from the provisions formerly in force and which had been construed as giving the employee the benefit of whichever limitations period was longer. In fact, the amendatory act did the exact opposite--it deleted the pertinent language "whichever is greater." How can the Legislature's intent to alter the law be more plainly expressed? The majority's conclusion that the Legislature intended that the employee receive the benefit of whichever limitations period is most favorable goes against the clear and unambiguous language of the statute and requires the Court to read "whichever is greater" back into the provision, which we should not do. The "court is duty-bound to give effect to legislative acts, not amend, repeal or circumvent them." Fulsom v. Fulsom, 2003 OK 96, ¶ 7, 81 P.3d 652, 655. "A universally recognized principle in cases when a court is called on to interpret legislative enactments is that the court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy." Id.

¶6 Based on the plain and ordinary meaning of the words and the structure of the sentence, it seems clear to me the legislative intent is that the one-year limitation period does not apply when an employee has received benefits. Rather, when the employee has received benefits for the injury, the statute of limitations is six months from the date of the last issuance of benefits--even if the resulting limitations period is less than one year from the date of the injury.

¶7 In its due process analysis, the majority takes issue with the employer and its insurance carrier having control over the length of the statute of limitations based on whether the employer provides benefits and for how long. See Majority Op. ¶¶ 16, 18. However, the majority fails to recognize that the employer has always had this control over the statute of limitations and retains control under the majority's own interpretation of the current statute. Under the former statute, the employer determined the "date of the last payment of disability compensation." 85A O.S.Supp.2013, § 69(B)(1). Under the current statute, the employer determines "the date of the last issuance of such benefits." 85A O.S.Supp.2019, § 69(A)(1). Both, effectively, give the employer control over which limitations period applies, because the employer determines when it will stop providing benefits. The majority acknowledges as much. According to the majority, if the employer stops providing benefits less than six months after the date of the injury, the employee has one year from the date of the injury to file a claim; but, if the employer provides benefits for more than six months after the date of the injury, the employee has six months from the date of the last issuance of such benefits, i.e., more than one year from the date of the injury, to file the claim.

¶8 The majority finds due process would be violated if the statute of limitations begins to run on the date of the last issuance of benefits, because the employer does not give the employee notice of that date. But, at the same time, the majority finds the statute of limitations begins to run on the date of the last issuance of benefits, even though the employer does not give the employee notice of that date (so long as the date of the last issuance of benefits is more than six months after the date of the injury, making the limitations period longer than one year from the date of the injury). This is a blatant contradiction. Even if the six months provision can be used only to extend the limitations period beyond one year from the date of the injury, as the majority has concluded, the so-called notice problem remains. Whether the employer provides benefits for two months or two years after the date of the injury, the notice question is the same. How does the employee get notice of the date of the last issuance of benefits? Admittedly, the employee is unlikely to receive notice of the date the employer or its insurance carrier makes the last payment to the medical provider. However, the employee will surely have notice of the date of the last issuance of such benefits when he is released at maximum medical improvement and the employer stops providing medical treatment.[5] If such notice is insufficient and does, in fact, offend due process, the violation is not new[6] nor has it been remedied by the majority's Opinion today. If the majority's holding is applied consistently going forward, notice of the date of the last issuance of benefits will always be deficient--regardless of how long the employer provides benefits.

¶9 Paredes was injured on December 29, 2019. Schlumberger voluntarily provided benefits to Paredes in the form of medical treatment. The date of the last issuance of such benefits was January 29, 2020, when Paredes received his last medical treatment and was released by his treating physician at maximum medical improvement. Paredes filed a claim for benefits on December 3, 2020. In compliance with 85A O.S.Supp.2019, § 69(B), Schlumberger promptly objected to the claim based on the statute of limitations. Pursuant to 85A O.S.Supp.2019, § 69(A)(1), because Paredes had received benefits for the injury, he had six months from "the date of the last issuance of such benefits" to file his claim. The date of the last issuance of such benefits was January 29, 2020, when Paredes received the last medical treatment provided by Schlumberger.[7] The claim was filed ten months after the date of the last issuance of such benefits. Therefore, the claim was untimely and should be barred.

¶10 Finally, I disagree with the majority's overstatement in dicta that the Commission has "discretion to adjust the statute of limitations based on the circumstances presented." Majority Op. ¶ 14.

FOOTNOTES

[1] In many situations, 85A O.S.Supp.2019, § 69(A)(1) actually benefits injured employees. If all injured employees were required to file a claim within one year after the date of the injury and the employer voluntarily provided benefits for two years but then stopped, the employee would be barred from filing a claim for benefits. Under 85A O.S.Supp.2019, § 69(A)(1), the employee does not get stuck with the "lesser" one year statute of limitations.

[2] The fundamental purpose of statutory construction is to ascertain and give effect to the intent of the Legislature. Rickard v. Coulimore, 2022 OK 9, ¶ 5, 505 P.3d 920, 923. To do this, we first look to the language of the statute. Id. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id. (citing 25 O.S.2011 § 1). Only when the legislative intent cannot be determined from the statutory language due to ambiguity or conflict should rules of statutory construction be employed. Rickard, 2022 OK 9, ¶ 5, 505 P.3d at 923.

[3] Benefits include both medical treatment and disability compensation. An employee may have received benefits because he filed a claim with the Commission and the employer was ordered to provide benefits or because the employer voluntarily provided benefits, as was the case here.

[4] See, e.g., 85 O.S.1941, § 43 ("The right to claim compensation under this Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation."); 85 O.S.Supp.1995, § 43(A) ("The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier."); 85 O.S.Supp.1998, § 43(A)(same); 85 O.S.2001, § 43(A) (same); 85 O.S.Supp.2005, § 43(A) ("The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation."); 85 O.S.2011, § 318(A) ("The right to claim compensation under the Workers' Compensation Code shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation."); 85A O.S.Supp.2013, § 69(B)(1) ("In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.").

[5] Likewise, if the employer voluntarily provides benefits in the form of disability compensation, the employee will surely have notice of the date of the last issuance of such benefits when the employer stops providing weekly disability compensation.

[6] Under the former statute of limitations, the alternative limitations period began to run on "the date of the last disability compensation payment" or the date of the last authorized medical treatment. 85A O.S.Supp.2013, § 69(B)(1); see Green Country Physical Therapy L.P. v. Sylvester, 2018 OK CIV APP 64, 429 P.3d 354 (approved for publication by the Supreme Court). How did the employee receive notice of the date of the last authorized medical treatment? In 2012, how did the employee receive notice of "the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation?" 85 O.S.2011, § 318(A). In 1995, how did the employee receive notice "of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier?" 85 O.S.Supp.1995, § 43(A).

[7] February 14, 2020 was the date Schlumberger made its last payment to the medical provider. Even if we use this later date, of which Paredes did not have notice, as the date of the last issuance of benefits, the claim was untimely.

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2018 OK CIV APP 64, 429 P.3d 354, 
GREEN COUNTRY PHYSICAL THERAPY L.P. v. SYLVESTER
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1992 OK 59, 831 P.2d 1379, 63 OBJ 1377, 
Special Indem. Fund v. Figgins
Discussed

 
2003 OK 96, 81 P.3d 652, 
FULSOM v. FULSOM
Discussed

 
2013 OK 107, 315 P.3d 1023, 
FENT v. FALLIN
Discussed

 
2015 OK 35, 357 P.3d 470, 
CROWNOVER v. KEEL
Discussed

 
2016 OK 20, 373 P.3d 1057, 
TORRES v. SEABOARD FOODS, LLC
Discussed

 
2016 OK 41, 369 P.3d 1079, 
MAXWELL v. SPRINT PCS
Discussed at Length

 
2016 OK 42, 371 P.3d 477, 
ROBINSON v. FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC.
Discussed

 
2016 OK 78, 378 P.3d 562, 
BOBER v. OKLAHOMA STATE UNIVERSITY
Discussed

 
1978 OK 142, 591 P.2d 1260, 
SMITH v. JOHNSTON
Discussed

 
2017 OK 78, 404 P.3d 44, 
GIBBY v. HOBBY LOBBY STORES INC.
Discussed

 
2018 OK 23, 415 P.3d 521, 
ODOM v. PENSKE TRUCK LEASING CO.
Discussed

 
2022 OK 9, 505 P.3d 920, 
RICKARD v. COULIMORE
Discussed at Length

 
1961 OK 283, 370 P.2d 300, 
SEITZ v. JONES
Discussed

 
1986 OK 6, 716 P.2d 654, 57 OBJ 788, 
Gilbert Cent. Corp. v. State
Discussed

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Cited

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 318, 
Repealed
Discussed

 
85 O.S. 43, 
Repealed
Discussed at Length

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 2, 
Definitions
Cited

 
85A O.S. 3, 
Applicability of Act
Discussed

 
85A O.S. 27, 
Workers' Compensation Commission - Administrative Law Judges - Powers - Duties
Discussed

 
85A O.S. 68, 
Lack of Notice Creates Rebuttable Presumption that Injury Not Work-Related
Cited

 
85A O.S. 69, 
Time for Filing - Failure to File - Persons under Disability
Discussed at Length

 
85A O.S. 78, 
Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA