OPINION BY KEITH RAPP, JUDGE:
¶ 1 Green Country Physical Therapy, L.P. (Employer) and its Insurer, Zurich American Insurance Company, appeal the decision of the Three-Judge Panel (Panel) ruling that Anthony Joseph Sylvester's (Claimant) workers' compensation claim is not barred by the statute of limitations provided in 85A O.S. Supp. 2017, § 69(B)(1) of the Administrative Workers' Compensation Act (AWCA).
BACKGROUND
¶ 2 The facts are not disputed. Claimant suffered a work-related injury on March 28, 2014. He did not file a claim. He underwent related surgery, paid for by Employer's insurer. Then, Employer's Insurer paid temporary total disability benefits with the last payment made on September 27, 2014. Claimant needed additional medical care for his injury and medical care was provided on May 3, 2016, paid by Insurer.
¶ 3 As a result of the medical consultation on May 3, 2016, Claimant was advised that he would either have to have additional surgery or be monitored, probably for life. A dispute arose about providing additional medical care.
¶ 4 Claimant then filed a formal claim, CC Form 3, on July 15, 2016. Employer asserted that the claim was barred by Section 69(B)(1).
¶ 5 Section 69 provides, in part:
A. Time for Filing.
....
B. Time for Filing Additional Compensation .
1. In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or *356 two (2) years from the date of the injury, whichever is greater.[1]
2. The statute of limitations provided in this subsection shall not apply to claims for the replacement of medicine, crutches, ambulatory devices, artificial limbs, eyeglasses, contact lenses, hearing aids, and other apparatus permanently or indefinitely required as the result of a compensable injury, when the employer or carrier previously furnished such medical supplies, but replacement of such items shall not constitute payment of compensation so as to toll the statute of limitations.
C. A claim for additional compensation shall specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.[2]
85A O.S. Supp. 2017, § 69(B)(1)(2) and (C) (emphasis added).
¶ 6 The AWCA defines "compensation" and "disability" as:
10. "Compensation" means the money allowance payable to the employee or to his or her dependents and includes the medical services and supplies provided for in Section 50 of this act and funeral expenses.[3]
....
16. "Disability" means incapacity because of compensable injury to earn, in the same or any other employment, substantially the same amount of wages the employee was receiving at the time of the compensable injury.
85A O.S. Supp. 2017, §§ 2(10) and (16).
¶ 7 The Administrative Law Judge (ALJ) agreed with Employer and dismissed the claim. The ALJ concluded that a claimant had to file a claim within two years from the date of injury or one year from the date of payment of disability compensation, whichever was longer. Thus, here, Claimant would have two years from March 28, 2014 (injury), or one year from September 27, 2014 (date last disability payment was made). The former date provided the longer time, so using the injury date resulted in a last date to file of March 28, 2016. The ALJ ruled that the statute did not extend the filing deadline based upon the last date of paid medical treatment. The ALJ dismissed the action because Claimant filed his Form 3 in July of 2016.
¶ 8 The Panel reversed. The Panel first analyzed the contention that the alternative claim filing deadline was measured solely on the date of last payment of disability benefits. The Panel reasoned that this construction would create a disparity between workers filing a claim and workers whose employers voluntarily undertake workers' compensation without filing a claim. The Panel concluded that using the last payment of disability benefits afforded the claim-filing workers a longer period to seek additional benefits than the workers not filing a claim. The Panel also concluded that the foregoing construction of the statute would result in unnecessary litigation of uncontested clams. In either case, the result was not intended by the Legislature.
¶ 9 Next, the Panel found that the Employer's construction is inconsistent with Subsection B(2). The Panel read the statute to provide that payment of medical compensation extended the deadline and the replacement of medical supplies did not constitute compensation. Last, the Panel concluded that *357 Employer's construction of the limitations provision did not serve the function of a limitations statute.
¶ 10 The Panel held that Section 69(B)(1) extended the statute of limitations for one year following the payment of medical or disability compensation. Consequently, Claimant filed a timely Form 3.
¶ 11 Claimant also argued that Employer's construction of the statute violated Due Process of Law and the special law provision of the Oklahoma Constitution. The ALJ and the Panel did not reach those arguments in their respective rulings.
¶ 12 Employer and Insurer appeal. Employer argues that the plain language of the statute bars the claim here and the ALJ was correct. In addition, Employer argues that the current statutory language is different from its predecessor statutes which would have permitted Claimant's filing. Thus, Employer argues that the Legislature changed the limitation period so that it runs from date of injury or the last date disability compensation was paid, whichever was later. In either case, Claimant's action is barred.
STANDARD OF REVIEW
¶ 13 The appeal involves interpretation of the foregoing statute. This presents a reviewable question of law. 85 O.S. Supp. 2017, § 78. The review is de novo . American Airlines, Inc. v. State ex rel. Oklahoma Tax Commission, 2014 OK 95, ¶ 25, 341 P.3d 56, 62-63. The Court set out the rules of statutory construction in American Airlines, Inc. with the primary rule being to give effect to legislative intent. Id. 2014 OK 95 ¶ 33, 341 P.3d at 64-65.
¶ 14 Claimant also argues that the statute is unconstitutional if the statute is interpreted as called for by Employer and determined by the ALJ.[4] When determining the constitutionality of a statute, "courts are guided by well-established principles, and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality." Lee v. Bueno, 2016 OK 97, ¶ 7, 381 P.3d 736, 740. "The party seeking a statute's invalidation as unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Constitution." Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Trust , 2010 OK 48, ¶ 15, 237 P.3d 181, 188.
ANALYSIS AND REVIEW
¶ 15 Section 69(B) establishes a time limit to file for "additional compensation." Thus, the event which brings Section 69(B) into consideration is a filing for "additional compensation" and, without question, Claimant filed for "additional compensation." Next, there are two starting dates: (1) date of "last payment of disability compensation," and (2) date of injury. It is undisputed that Claimant missed the deadline using the date of injury as the starting date.[5]
¶ 16 In order to have a timely filing of the Form 3, Claimant must equate "payment of disability compensation" with the payment of the last medical treatment provided to him. The first hurdle is the amending language of Section 69. The statute replaced by Section 69 provided:
The right to claim compensation under the Workers' Compensation Code shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation.
85 O.S.2011, § 318(A) (emphasis added) (similar "last medical treatment" language is in its predecessor, 85 O.S. 2011, § 43 ).
*358 ¶ 17 Thus, the initial inquiry is whether the Legislature intended to-and did-alter the law. See Dean v. Multiple Injury Trust Fund , 2006 OK 78, 145 P.3d 1097. Section 318(A) does not distinguish between an original claim and a claim for "additional compensation" whereas Section 69 separates the original and additional compensation types of claims.
¶ 18 This Court concludes that the Legislature did alter prior law. Section 69(A) is the amending language for the prior Section 318. Section 318 provided time deadlines for filing an original claim. Section 69(A) does likewise. Section 69(A) is headed "Time for Filing" whereas Section 69(B) is headed: "Time for Filing Additional Compensation." Section 69(A) provides, in part:
1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act.
85A O.S. Supp. 2017, § 69(A)(1).
¶ 19 By enacting Sections 69(A) and (B) the Legislature distinguished, for limitations purposes, an original claim from a claim for additional benefits. As a result, Section 69(B) is the amending provision of 85 O.S.2011, § 318(F). Section 318(F) provides:
F. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order in which monetary benefits or active medical treatment was provided , and unless filed within such period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out in this act for reopening the case. A failure to comply with a medical treatment plan ordered by the Court shall bar reopening of a claim. This subsection shall be considered to be substantive in nature.
85 O.S.2011, § 318(F) (emphasis added).
¶ 20 Section 69(B) broadens the scope from "reopening any cause" to the instance in "which any compensation, including disability or medical, has been paid on account of injury." Thus, Section 69(B) covers cases filed and cases where compensation has been provided voluntarily without a Form 3 action being filed. Claimant falls within the latter classification.
¶ 21 Therefore, Claimant must equate the payment for his last medical appointment with the Section 69(B) triggering date of "last payment of disability compensation." "Compensation" includes "medical services." 85A O.S. Supp. 2017, § 2(10). This definition is the same whenever used in the AWCA, absent a plainly contrary legislative intention. 25 O.S.2011, § 2.[6]
¶ 22 In past versions of the limitations statute, the language separated monetary benefits and active medical treatment. That separation is no longer the case, as the Legislature now uses a comprehensive phrase "disability compensation" in Section 69(B) without limitation or exception.[7]
*359 ¶ 23 Therefore, this Court holds that payment of the Claimant's medical services and the last date thereof established the date on which the limitations period began. Claimant's Form 3 was filed timely. The judgment of the Panel ruling that Claimant's claim is not barred is sustained on the basis of the foregoing analysis.
SUMMARY AND CONCLUSION
¶ 24 Claimant sustained a work-related injury. He received surgery and temporary disability payments. Later, he was provided medical services. Claimant had not filed a claim and Employer and its insurer had voluntarily provided the benefits.
¶ 25 A dispute arose about continuing benefits. Claimant filed a Form 3 to seek additional benefits. The filing date was outside the deadline set out in 85 O.S. Supp. 2017, § 69(B)(1) unless the provision of the last medical services furnished the beginning date for calculating the deadline.
¶ 26 This Court holds that the provision of medical services falls within the broad category of payment of disability compensation. The AWCA's definitions provisions, the past statutory language replaced by the current statute, and the failure of the Legislature to limit or exempt payment of medical services all lead to the conclusion that Claimant's filing of his Form 3 was not time barred. Therefore, the judgment of the Panel is sustained for the reasons stated herein.
¶ 27 SUSTAINED .
BARNES, P.J., and GOODMAN, J., concur.

"Compensation" is defined in 85A O.S. Supp. 2017, § 2(10) :
10. "Compensation" means the money allowance payable to the employee or to his or her dependents and includes the medical services and supplies provided for in Section 50 of this act and funeral expenses.

Claimant's Form 3 checked "Yes" in the box providing: "Is this a claim for additional benefits (e.g. additional temporary total disability, additional medical.)" Record, p. 3 (emphasis added). Thus, the Form 3 is not explicit as called for in the statute. However, the ALJ's Order notes that the claim is for "permanent partial disability and continuing maintenance." This brings the claim within the definition of "compensation" and cures any ambiguity arising from the Form 3 use of "additional benefits" without specificity.

Section 50 lists a complete range of medical services from surgery to devices to continuing medical maintenance. 85A O.S. Supp. 2017, § 50.

Claimant also presented an estoppel theory to the ALJ. However, that theory has not been pursued in this appeal.

It would appear that the same two-year problem would exist if Claimant were to prevail on his constitutional argument. Thus, if Section 69B(1) is deemed unconstitutional, it would be severed. See, Benedetti v. Cimarex Energy Co. , 2018 OK 21, ¶ 8, 415 P.3d 43 (pending official release). Claimant would be left with the shorter period of Section 69(A).

Quoting the Oklahoma Court of Criminal Appeals, the Oklahoma Supreme Court stated:
As the Oklahoma Court of Criminal Appeals appropriately said in Minnix v. State [1955 OK CR 37, 282 P.2d 772 ]. (sic) "[I]t is within the province of the legislative body to define words appearing in legislative acts, and where an act passed by the legislature embodies a definition, it is binding on the courts. Traxler v. State , 96 Okl.Cr. 231, 251 P.2d 815 [ (1952) ]. And as stated in 50 Am.Jur., Statutes, § 262 : 'Indeed, a statutory definition supersedes the commonly accepted, dictionary, or judicial definition. Where a statute contains its own definition of a term used therein, the term may not be given the meaning in which it is employed in another statute, although the two may be in pari material.' "
Oliver v. City of Tulsa , 1982 OK 121, ¶ 19, 654 P.2d 607, 611.

This Court does not find the use of the word "disability" to be a limitation excluding medical services. All compensation under the AWCA is for a disability, temporary or permanent. Moreover, nothing in the plain meaning of the phrase "disability compensation" limits it to monetary compensation paid directly to an injured employee.