SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES
2023 OK 42
Case Number: 120197
Decided: 04/18/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 42, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

SCHLUMBERGER TECHNOLOGY CORP. and TRAVELERS INDEMNITY CO. OF AMERICA, Petitioners,
v.
ERASMO PAREDES and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ON PETITION FOR REVIEW OF AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

¶0 Petitioners Schlumberger Technology Corp. and Travelers Indemnity Co. of America seek review of an order of the Workers' Compensation Commission finding Respondent Erasmo Paredes's claim was timely filed and not barred by the statute of limitations. Paredes filed the claim less than one year from the date of the injury but more than six months after the date of the last payment of benefits. The Workers' Compensation Commission determined that Paredes was not barred from filing his claim. We affirm.

ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

Loretta A. Jones, Ayik & Associates, Oklahoma City, Oklahoma, for Petitioners Schlumberger Technology Corp. and Travelers Indemnity Co. of America.

Bob Burke, Joey Chiaf, Oklahoma City, Oklahoma, for Respondent Erasmo Paredes.

 

Gurich, J.:

Facts & Procedural History

¶1 Erasmo Paredes sustained an on-the-job injury on December 29, 2019. He continued working for his employer, Schlumberger, until January 30, 2020. His employer's insurance carrier, Travelers Indemnity Company of America, provided voluntary medical treatment to Paredes from January 3, 2020, through February 14, 2020. Paredes's CC-Form 3 Claim for Compensation was filed on December 3, 2020, alleging an injury date of December 29, 2019. This claim was filed ten months after Paredes's last medical treatment, but within one year from the date of his injury. Travelers's counsel entered an appearance in the Workers' Compensation case on December 22, 2020. On February 18, 2021, the affidavit of Travelers's claims handler was filed with attachments indicating Travelers provided medical treatment to Paredes in the total amount of $1,371.47. No disability benefits were paid. On the same date, counsel for Travelers filed the CC-Form 10 Answer and Notice of Contested Issues on behalf of Schlumberger raising the defense of statute of limitations pursuant to Section 69(A)(1) of Title 85A.denied compensable injuries, alleged pre-existing conditions pursuant to 85A O.S. Supp. 2019, § 2denied benefits.

¶2 A hearing solely on the issue of the statute of limitations defense was held before an administrative law judge on April 29, 2021. Prior to the hearing, both parties submitted trial briefs. The ALJ issued an order that was filed on May 13, 2021, concluding that Paredes's claim was not barred by Section 69(A)(1). In the order, the ALJ stated: "It is the Commission's finding that in this case, the word 'or' is used to express alternative statutes of limitations, with claimant receiving the benefit of whichever of those is longer."85A O.S. Supp. 2019, § 69

Standard of Review

¶3 Title 85, Section 78(C) states:

The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2019, § 78de novo. Maxwell v. Sprint PCS, 2016 OK 41369 P.3d 1079Id.

Analysis

¶4 The duties and obligations of employees and employers are set forth in the Administrative Workers' Compensation Act ("AWCA"). Title 85A, Section 3(A) provides:

Every employer and every employee, unless otherwise specifically provided in this act, shall be subject and bound to the provisions of the Administrative Workers' Compensation Act and every employer shall pay or provide benefits according to the provisions of this act for the accidental injury or death of an employee arising out of and in the course of his or her employment, without regard to fault for such injury, if the employee's contract of employment was made or if the injury occurred within this state. . . . [T]he employee's right to bring a claim under this act shall be subject to the limitations period for bringing a claim pursuant to paragraph 1 of subsection A of Section 69 of this title.

85A O.S. Supp. 2019, § 3

A. Time for Filing.

1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this title.
2. a. A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the Commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection.
b. A claim for compensation for disability on account of silicosis or asbestosis shall be filed with the Commission within one (1) year after the time of disablement, and the disablement shall occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis.
c. A claim for compensation for disability on account of a disease condition caused by exposure to X-rays, radioactive substances, or ionizing radiation only shall be filed with the Commission within two (2) years from the date the condition is made known to an employee following examination and diagnosis by a medical doctor.
3. A claim for compensation on account of death shall be barred unless filed with the Commission within two (2) years of the date of such a death.
4. If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not:
a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or
b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,
then on motion by the employer, the claim shall be dismissed with prejudice.

B. Failure to File. Failure to file a claim within the period prescribed in subsection A of this section shall not be a bar to the right to benefits hereunder unless objection to the failure is made at the first hearing on the claim in which all parties in interest have been given a reasonable notice and opportunity to be heard by the Commission.

C. Persons under Disability.
1. Notwithstanding any statute of limitation provided for in this act, when it is established that failure to file a claim by an injured employee or his or her dependents was induced by fraud, the claim may be filed within one (1) year from the time of the discovery of the fraud.
2. Subsection A of this section shall not apply to a mental incompetent or minor so long as the person has no guardian or similar legal representative. The limitations prescribed in subsection A of this section shall apply to the mental incompetent or minor from the date of the appointment of a guardian or similar legal representative for that person, and when no guardian or similar representative has been appointed, to a minor on reaching the age of majority.

D. A latent injury or condition shall not delay or toll the limitation periods specified in this section. This subsection shall not apply to the limitation period for occupational diseases specified in paragraph 2 of subsection A of this section.

85A O.S. Supp. 2019, § 69

¶5 Schlumberger asks the Court to construe Section 69(A)(1) to mean that claimant has either one year from the date of injury or six months from the date of the last issuance of benefits, whichever is lesser. Schlumberger admits it made benefit payments without admitting compensability of the claim, gave no notice to Paredes of the last date benefits were paid to a medical provider, and then argues Paredes is prevented from filing his claim within the one year provided in the statute. Paredes asks us to affirm the Commission's construction that a claimant must file within one year from the date of injury or six months from the date of the last issuance of benefits, whichever is greater, recognizing the lack of notice would create potential constitutional issues.

I. The Commission's interpretation of Section 69 is consistent with the Legislative intent.

a. Legislative history of Section 69.

¶6 To ascertain the legislative intent behind Section 69, we first look at the history of the section to determine if it has a prior statutory construction which may be applicable. If there is a prior construction, "[u]nless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them by preexisting case law." Maxwell v. Sprint PCS, 2016 OK 41369 P.3d 1079

¶7 Here, the Commission's interpretation of Section 69 is consistent with the statutory history. The use of a statute of limitations that could be extended by payment of benefits has been included in the workers' compensation statutes since at least 1941 and has survived several transitions of the workers' compensation system.

The right to claim compensation under this Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation.

85 O.S.1941, § 43

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment.

85 O.S.1981, § 43

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. . . . The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

85 O.S. Supp. 1994, § 43

The right to claim compensation under the Workers' Compensation Code shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation.

¶8 When the AWCA was adopted and became effective on February 1, 2014, Title 85 was repealed

A. Time for Filing.
1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act.

. . . .
B. Time for Filing Additional Compensation.
1. In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.

85A O.S. Supp. 2013, § 69

¶9 In 2019, the Legislature revised Section 69 and consolidated subsections A and B, which each contained a statute of limitation, into a single subsection (A).

¶10 Even though Section 69 did not contain the phrase "whichever is greater" prior to 2014, the specified statute of limitations could be extended by payment of benefits by the employer. The statute of limitations was never shortened based on payment of benefits by the employer.

Isn't it pretty standard statutory interpretation that where the legislature provides t[w]o statute of limitations, the filing party gets the benefit of the longer of the two statute of limitations? So I understand your argument that the legislature left out "whatever is greater" in the statute, but isn't there a presumption that the legislature is familiar with the rules of statutory interpretation and so even if they left out "whatever is greater" that would in some way be superfluous under the standard rules of statutory interpretation, and how do we get around that?

The Commission's decision applied the statute as intended, which was to give the claimant the benefit of the longer period because of the employer's payment of benefits. Therefore the phrase "whichever is greater" is superfluous.

b. Statute of limitations.

¶11 "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by the statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23415 P.3d 521Id. ¶ 18, 415 P.3d at 528.

¶12 In the case of Smith v. Johnston, 1978 OK 142591 P.2d 1260Seitz v. Jones, 1961 OK 283370 P.2d 300

* * * the legislative policy in prescribing a period of limitations for the commencement of actions may well be borne in mind. The statute of limitations is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation is presumed to have been paid, and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof. The underlying purpose of statutes of limitations is to prevent the unexpected effort at enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution for a long time.

(Emphasis added). The Commission's interpretation of this statute did not give Paredes an unlimited time to file his claim. Paredes filed his claim within one year of his date of injury. He did not "test" this section by filing his claim beyond the initial 12 months. Once filed, his claim must be pursued in a diligent manner. Indeed, Section 69(A)(4) ensures that workers' compensation claims will not become stale, because a filed claim will be dismissed if not actively pursued after 6 months.

 

¶13 There is nothing in the record to indicate that Paredes was neglectful of his right. None of the evidentiary problems that can arise in a stale claim are at issue in this case. Paredes gave notice as required by statute and filed his claim within one year. Nothing is obscured by the passage of time between February 14, 2020, and December 3, 2020. Schlumberger's ability to defend this claim is not hampered.

¶14 Schlumberger's assertion of an absolute time bar--one shortened by the employer without notice to the employee--is further eroded by considering the language in Section 69(B) which provides:

Failure to File. Failure to file a claim within the period prescribed in subsection A of this section shall not be a bar to the right to benefits hereunder unless objection to the failure is made at the first hearing on the claim in which all parties in interest have been given a reasonable notice and opportunity to be heard by the Commission.

This provision indicates that the statute of limitations is not an absolute time bar. The burden is on the employer to take affirmative action, or arguably, even the one-year statute of limitations will be extended. This provision, which requires not only an objection but also a hearing, would be meaningless if the Commission did not have discretion to adjust the statute of limitations based on the circumstances presented.

II. The Commission's interpretation of Section 69 is constitutional.

¶15 This Court's precedent directs that "[w]here there are two possible interpretations in the construction of a statute, one of which would render the statute unconstitutional, the Court should adopt the construction which upholds the statute, unless the repugnancy to the constitution is shown beyond a reasonable doubt." Gilbert Cent. Corp. v. State, 1986 OK 6716 P.2d 654Gibby v. Hobby Lobby Stores, Inc., 2017 OK 78404 P.3d 4485A O.S. Supp. 2019, § 27Robinson v. Fairview Fellowship Home for Senior Citizens, Inc., 2016 OK 42371 P.3d 477

¶16 When read in its entirety, Section 69 provides that persons seeking benefits must file their claim for benefits within one to three years, depending upon the type of underlying injury or illness. The shortest time frame to file is definite: within one year from the date of the injury. An employee whose claim is denied in its entirety has one full year to file the claim. Schlumberger's proposed interpretation shortens the one-year time frame to less than one year only in the case of an employee who receives a payment after an injury is reported to his employer. Schlumberger's construction would infringe on a claimant's right to due process because it would allow the employer and its insurance carrier to determine the statute of limitations for the employee, without notice. Article II, Section 7 of the Oklahoma Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." Although the Legislature may "alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law," the Legislature may not deprive such rights, once conferred, without appropriate procedural safeguards. Maxwell v. Sprint PCS, 2016 OK 41369 P.3d 1079Torres v. Seaboard Foods, LLC, 2016 OK 20373 P.3d 1057see also Maxwell, ¶ 19, 369 P.3d at 1090 (At a minimum, "due process requires notice and a meaningful opportunity to appear and be heard." (citing Crownover v. Keel, 2015 OK 35357 P.3d 470

¶17 In order to comply with due process, the obligations of the AWCA on both employee and employer begin with notice requirements. To avoid prejudice to the employer in investigating a claim, an employee is required by statute to give notice within 30 days of suffering an on the job injury.to give notice to the Commission within 10 days of receiving notice of injury.

¶18 In this case, the affidavit of the claims handler for Travelers, filed on February 18, 2021, stated that the last benefit payment was paid on February 14, 2020. Paredes had no notice of the date when the statute of limitations began to run until more than one year after his injury. Commissioner Biggs astutely identified the due process concern during oral argument by stating:

Well, I mean, my argument is simple, the system works when people know when deadlines are, when the statute of limitations starts, they have 6 months. If they didn't have notice of when your company paid, how do they know when the clock starts? . . . Well the first part is one year. One year is one year, there's no if, ands or buts about it, I mean--.

Barring Paredes's claim based solely on the actions of the employer and its insurance carrier without Paredes ever having notice of when the statute of limitations runs, clearly violates due process.

 

Conclusion

 

¶19 The Commission applied the law as to not offend constitutional provisions and it is the duty of this Court to give preference to that interpretation. The Order of the Commission is hereby affirmed.

ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

ROWE, V.C.J., KAUGER, EDMONDSON, COMBS, GURICH, and DARBY, JJ., CONCUR.

KANE, C.J., (by separate writing), KUEHN, J., and DOWNING, S.J., DISSENT.

WINCHESTER, J., DISQUALIFIED.

FOOTNOTES

Id. In 1978, the Legislature replaced the Industrial Court with the Workers' Compensation Court. Id. In 2014, the Legislature replaced the Workers' Compensation Court with the Workers' Compensation Commission, though it provided that any claims prior to 2014 should stay under the jurisdiction of the Workers' Compensation Code and its Court. See 85A O.S. Supp. 2019, § 3

85 O.S. Supp. 1997, § 43

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.... The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

85 O.S.2001, § 43

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.... The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

Compare 85A O.S. Supp. 2014, § 69with 85A O.S. Supp. 2019, § 69

Id. 4--5.

85A O.S. Supp. 2019, § 69

If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not: (a) make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6), or (b) receive or seek benefits, including medical treatment, under this title for a period of six (6) months, then on motion by the employer, the claim shall be dismissed with prejudice.

85A O.S. Supp. 2019, § 27

The Workers' Compensation Commission shall be vested with jurisdiction over all claims filed pursuant to the Administrative Workers' Compensation Act. All claims so filed shall be heard by the administrative law judge sitting without a jury. The Commission shall have full power and authority to determine all questions in relation to claims for compensation under the provisions of the Administrative Workers' Compensation Act. The Commission, upon application of either party, shall order a hearing. Upon a hearing, either party may present evidence and be represented by counsel. Except as provided in this act, the decision of the administrative law judge shall be final as to all questions of fact and law. The decision of the administrative law judge shall be issued within thirty (30) days following the submission of the case by the parties. The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified.

See 85A O.S. Supp. 2014, § 68

Within ten (10) days after the date of receipt of notice or of knowledge of injury or death, the employer shall send to the Workers' Compensation Commission a report setting forth:

1. The name, address, and business of the employer;
2. The name, address, and occupation of the employee;
3. The cause and nature of the injury or death;
4. The year, month, day, approximately when, and the particular locality where, the injury or death occurred; and
5. Such other information as the Commission may require.

See Fent v. Fallin, 2013 OK 107315 P.3d 1023

 

 

KANE, C.J., with whom Kuehn, J. and Downing, S.J. join, dissenting:

¶1 The majority has disregarded the clear and unambiguous statutory language and substituted its own wisdom for that of the Legislature. The Legislature deleted the words "whichever is greater" from the statute. Yet, the majority concludes the Legislature intended that the statute of limitations is either one year from the date of the injury or six months from the date of the last issuance of benefits, "whichever is greater." For the following reasons, I respectfully dissent.

¶2 I must, first, clarify the standard of review. While the Workers' Compensation Commission has authority to interpret workers' compensation statutes, this Court does not give any deference to the Commission's interpretation. The Supreme Court may modify, reverse, remand for rehearing, or set aside the Commission's decision if it is affected by an error of law. See 85A O.S.Supp.2019, § 78de novo. See Legarde-Bober v. Okla. State Univ., 2016 OK 78378 P.3d 562Id.

¶3 I disagree with how the majority frames the issue on appeal. The majority asserts: "Schlumberger asks the Court to construe Section 69(A)(1) to mean that claimant has either one year from the date of the injury or six months from the date of the last issuance of benefits, whichever is lesser." Majority Op. ¶ 5 (emphasis original). More accurately, the issue is whether the limitations period for an employee who has received benefits is six months from the date of the last issuance of such benefits, even if the resulting limitations period is less than one year from the date of the injury.

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits.

85A O.S.Supp.2019, § 69

¶4 The majority's thorough recitation of the legislative history of the workers' compensation statute of limitations cuts directly against its own interpretation of 85A O.S.Supp.2019, § 69

In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.

85A O.S.Supp.2013, § 69See Green Country Physical Therapy L.P. v. Sylvester, 2018 OK CIV APP 64429 P.3d 354

¶5 If a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law. Special Indem. Fund v. Figgins, 1992 OK 59831 P.2d 1379deleting the language "whichever is greater." See 2019 Okla. Sess. Laws, 1st Reg. Sess., ch. 476, § 27 (effective May 28, 2019). The statute of limitations now provides:

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits.

85A O.S.Supp.2019, § 69Fulsom v. Fulsom, 2003 OK 9681 P.3d 652 "A universally recognized principle in cases when a court is called on to interpret legislative enactments is that the court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy." Id.

¶6 Based on the plain and ordinary meaning of the words and the structure of the sentence, it seems clear to me the legislative intent is that the one-year limitation period does not apply when an employee has received benefits. Rather, when the employee has received benefits for the injury, the statute of limitations is six months from the date of the last issuance of benefits--even if the resulting limitations period is less than one year from the date of the injury.

¶7 In its due process analysis, the majority takes issue with the employer and its insurance carrier having control over the length of the statute of limitations based on whether the employer provides benefits and for how long. See Majority Op. ¶¶ 16, 18. However, the majority fails to recognize that the employer has always had this control over the statute of limitations and retains control under the majority's own interpretation of the current statute. Under the former statute, the employer determined the "date of the last payment of disability compensation." 85A O.S.Supp.2013, § 6985A O.S.Supp.2019, § 69

¶8 The majority finds due process would be violated if the statute of limitations begins to run on the date of the last issuance of benefits, because the employer does not give the employee notice of that date. But, at the same time, the majority finds the statute of limitations begins to run on the date of the last issuance of benefits, even though the employer does not give the employee notice of that date (so long as the date of the last issuance of benefits is more than six months after the date of the injury, making the limitations period longer than one year from the date of the injury). This is a blatant contradiction. Even if the six months provision can be used only to extend the limitations period beyond one year from the date of the injury, as the majority has concluded, the so-called notice problem remains. Whether the employer provides benefits for two months or two years after the date of the injury, the notice question is the same. How does the employee get notice of the date of the last issuance of benefits? Admittedly, the employee is unlikely to receive notice of the date the employer or its insurance carrier makes the last payment to the medical provider. However, the employee will surely have notice of the date of the last issuance of such benefits when he is released at maximum medical improvement and the employer stops providing medical treatment. If such notice is insufficient and does, in fact, offend due process, the violation is not new

¶9 Paredes was injured on December 29, 2019. Schlumberger voluntarily provided benefits to Paredes in the form of medical treatment. The date of the last issuance of such benefits was January 29, 2020, when Paredes received his last medical treatment and was released by his treating physician at maximum medical improvement. Paredes filed a claim for benefits on December 3, 2020. In compliance with 85A O.S.Supp.2019, § 6985A O.S.Supp.2019, § 69

¶10 Finally, I disagree with the majority's overstatement in dicta that the Commission has "discretion to adjust the statute of limitations based on the circumstances presented." Majority Op. ¶ 14.

FOOTNOTES

85A O.S.Supp.2019, § 6985A O.S.Supp.2019, § 69

Rickard v. Coulimore, 2022 OK 9505 P.3d 920Id. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id. (citing 25 O.S.2011 § 1Rickard, 2022 OK 9

See, e.g., 85 O.S.1941, § 43Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation."); 85 O.S.Supp.1995, § 43Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier."); 85 O.S.Supp.1998, § 4385 O.S.2001, § 4385 O.S.Supp.2005, § 43Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation."); 85 O.S.2011, § 318Provided however, a claim may be filed within two (2) years of the date of the last medical treatment authorized by the employer or the insurance carrier or the date of the payment of any compensation or remuneration paid in lieu of compensation."); 85A O.S.Supp.2013, § 69whichever is greater.").

85A O.S.Supp.2013, § 69see Green Country Physical Therapy L.P. v. Sylvester, 2018 OK CIV APP 64429 P.3d 35485 O.S.2011, § 31885 O.S.Supp.1995, § 43